**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119071

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**



| | |
|---|---|
| Kathleen Holt, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>ARStrat, LLC,<br><br>        Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Kathleen Holt, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARStrat, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

  1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

  2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

  3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Kathleen Holt is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant ARStrat, LLC, is a Texas Limited Liability Company with a principal place of business in Harris County, Texas.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a medical care.

16. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

18. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was covered by Medicare.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was paid in full.

2

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 4, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24. The Letter was received and read by Plaintiff.

25. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

30. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

31. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

32. A statement of "the amount of the debt," when the debt is not owed at all by the

3

consumer, violates 15 U.S.C. § 1692g(a)(1).

33. The Letter claims that Plaintiff owes $336.54.

34. Plaintiff did not owe $336.54.

35. Plaintiff did not owe any money at all.

36. Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

37. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

41. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

42. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

43. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

44. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

4

45. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

46. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

47. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

48. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

49. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

50. The Letter alleges that Plaintiff owed $336.54.

51. Plaintiff did not owe $336.54.

52. Plaintiff did not owe any money at all.

53. Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

54. Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

55. Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

56. Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

57.     Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

58.     Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

59.     Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a false representation made in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

60.     Defendant's allegation that Plaintiff owed $336.54, when Plaintiff did not owe any money at all, is a deceptive means used in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

61.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**

62.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

64.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

65.     To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

66.     A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

67.     The Letter claims the name of the creditor to whom the alleged Debt is owed is North Shore University Hospital-Manhasset.

68.     Plaintiff did not owe the alleged Debt to North Shore University Hospital-

6

Manhasset.

69. Plaintiff was never indebted to North Shore University Hospital-Manhasset.

70. Defendant's statement that North Shore University Hospital-Manhasset is "the name of the creditor to whom the debt is owed," when North Shore University Hospital-Manhasset is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

71. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

75. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

76. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

77. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

78. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

79. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

7

80. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

81. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

82. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

83. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

84. The Letter claims that Plaintiff owes a debt to North Shore University Hospital-Manhasset.

85. Plaintiff did not owe a debt to North Shore University Hospital-Manhasset.

86. Defendant's allegation that Plaintiff owed a debt to N North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

87. Defendant's allegation that Plaintiff owed a debt to North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

88. Defendant's allegation that Plaintiff owed a debt to North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

89. Defendant's allegation that Plaintiff owed a debt to North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

90. Defendant's allegation that Plaintiff owed a debt to North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

91. Defendant's allegation that Plaintiff owed a debt to North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

92. Defendant's allegation that Plaintiff owed a debt to North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a false representation made in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

93. Defendant's allegation that Plaintiff owed a debt to North Shore University Hospital-Manhasset, when Plaintiff did not owe a debt to North Shore University Hospital-Manhasset, is a deceptive means used in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

94. Defendant's demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

95. Defendant's request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

96. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**CLASS ALLEGATIONS**

97. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

98. Plaintiff seeks to certify two classes of:

> All consumers to whom Defendant sent a collection letter attempting to collect on a debt that was previously paid in full, which letter was sent on or after a date one year prior to the filing of this action to the present.
>
> All consumers to whom Defendant sent a collection letter attempting

9

        to collect on a debt that was covered by Medicare, which letter was sent on or after a date one year prior to the filing of this action to the present.

99.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

100.    The Class consists of more than thirty-five persons.

101.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

102.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

103.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a.  Certifying this action as a class action; and

    b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as



Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: February 10, 2020

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119071